## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**JON MATTHEW TAYLOR**                                                          **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 5:11CV-P157-R**

**CAPTAIN CHAD KNIGHT et al.**                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Jon Matthew Taylor, filed a *pro se*, *in forma pauperis* complaint pursuant to 42
U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.
§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth
below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

Plaintiff is incarcerated at the Kentucky State Penitentiary (KSP).  He sues in his individual
and official capacity Captain Chad Knight and in their official capacities Lieutenant Tammie
Darnell and Sergeant Gary Cranor.  He alleges that after a verbal altercation he was taken to the
office of Defendant Knight and beaten up, which he asserts was against prison policy.  He further
alleges that Defendant Knight sprayed his wound with chemicals and then wiped it with a dirty
rag.  He also states that he was written up on false charges.  He further asserts that he did not
receive any medical treatment.  As relief, Plaintiff wants damages and injunctive relief in the form
of being transferred.

### II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer,
or employee, the trial court must review the complaint and dismiss the action, if the court
determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Official-capacity claims against all Defendants*

Plaintiff's claims against Defendants in their official capacities are deemed claims against the Commonwealth of Kentucky itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law.  *See* § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's claims for money damages from these state officers in their official capacities fail to allege cognizable claims under § 1983.  Moreover, Defendants are immune from monetary damages under the Eleventh Amendment.  *See id.*  The Court will dismiss the claims for monetary relief against Defendants Darnell and Cranor and against Defendant Knight in his official capacity pursuant to §§ 1915A(b)(1) and (b)(2).

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State."  *Will*, 491 U.S. at 71 n.10.  The Sixth Circuit, in *McKay v. Thompson*,

2

226 F.3d 752 (6th Cir. 2000), followed this approach.  There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983."  *Id.* at 757.  Along with monetary damages, Plaintiff's complaint requests prospective injunctive relief in the form of being transferred from KSP.  Consequently, Plaintiff's § 1983 action, insofar as it is for injunctive relief against Defendants in their official capacities, is not barred by the Eleventh Amendment's grant of sovereign immunity.

### *Individual-capacity claim against Defendant Knight*

The Court will allow to go forward Plaintiff's individual-capacity Eighth Amendment claim against Defendant Knight for excessive force and for lack of treatment afer the alleged beating.

### III. <u>CONCLUSION</u>

For the foregoing reasons, by separate Order, Plaintiff's official-capacity claims for money damages will be dismissed for failure to state a claim.  The Court will allow Plaintiff's official-capacity claims for injunctive relief against all Defendants and his individual-capacity claims against Defendant Knight to go forward.  In doing so, the Court does not pass judgment on the ultimate merit of those claims.  A separate Order will be entered to govern the development of those claims.

Date:


cc:     Plaintiff, *pro se*
        Defendants
4413.009

3