UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-157-R

**JON MATTHEW TAYLOR**                                                                       **PLAINTIFF**

v.

**CHAD KNIGHT,** *et al.*                                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on the Defendants' motion for summary judgment. Defs.' Mot. Summ. J., Docket Number ("DN") 21. The Plaintiff has not filed a response, and the time to respond has now passed. The matter is now ripe for adjudication. Having considered the matter and being fully advised, the Defendants motion is GRANTED.

**I.**

Plaintiff Jon Taylor ("Taylor"), *pro se*, is an inmate at the Kentucky State Penitentiary ("KSP"). Taylor brings the present case alleging that Captain Chad Knight, Lieutenant Tammie Darnell, and Sargent Gary Cranor of the Kentucky Department of Corrections (collectively "Defendants") committed various violations of his Eighth Amendment rights. Specifically, Taylor alleges that his case arises out of a series of events taking place at KSP on July 4 and July 5, 2011.

On July 4 at approximately 11pm, Taylor alleges that he was involved in a verbal altercation with Darnell and Cranor as they made their nightly rounds. At approximately 12:30am on July 5, Darnell and Cranor returned to Taylor's cell, removed him, and took him to an office in the cell house. Once in the office, Taylor claims that he was confronted by Captain Knight who questioned Taylor about threats he made to the prison staff. Taylor responded by saying, "Take me back to my cell or beat my ass." According to Taylor, Knight replied, "Is that

1

what you want?" The Defendants then proceeded to beat Taylor while he was handcuffed and unable to defend himself against the officers. Taylor allegedly sustained a head wound during the confrontation. After the beating, Taylor claims the officers put him in a chair and Knight sprayed his head would with "chemicals" and wiped it with a dirty rag.

Finally, Taylor contends that he filed several grievances under KSP's grievance procedures within five days of the events of July 4 and 5. These grievances were supposedly denied by Rocky Roberts, who, along with other members of the prison staff, has refused to provide copies of the grievances to Taylor, which would assist him in pursuing the present litigation.

The Defendants now collectively move for summary judgment on all of Taylor's claims. They assert that summary judgment is appropriate because Taylor has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

**II.**

The sole issue before the Court is whether summary judgment should be granted to the Defendants because Taylor failed to exhaust his administrative remedies prior to filing suit in federal court. The Court finds that Taylor failed to exhaust his administrative remedies and summary judgment for the Defendant is appropriate at this time.

**III.**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## IV.

Summary judgment is appropriate in the case at bar because Taylor failed to exhaust his administrative remedies prior to bringing this action. The terms of the PLRA are clear that "no action shall be brought . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "[F]ailure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Bock*, 549 U.S. at 216. As a result, the Defendants in the present case bear the burden of proving that Taylor failed to exhaust his administrative remedies. The Court finds that evidence submitted with their motion for summary

judgment establishes that Taylor failed to exhaust.

First, the Defendants submitted a copy of the Kentucky Department of Corrections "Inmate Grievance Procedure." *See* Ky. Corrections Policies & Procedures 14.6, DN 21-2. Policy and Procedure 14.6 clearly describes that process inmates must exhaust when bringing grievances for various issues. Subsection J governs non-medical grievances, while Subjection K applies to all medical grievances. DN 21-2, pp. 7-16. Records of non-medial grievances are stored and maintained by John M. Dunn, the Central Office Ombudsman for Kentucky's Department of Corrections. Aff. John M. Dunn, DN 21-3, ¶ 1-2. All medical grievances are kept by Mindy Klemenz, an administrative assistant for the Department of Corrections. Aff. Mindy Klemenz, DN 21-4, ¶¶1-2. Upon request by the Defendants, both Dunn and Klemenz searched their records grievances filed by Taylor pertaining to the events of July 4 and July 5, 2011. The records maintained by Dunn and Klemenz do not contain any grievances related to the events in the case *sub judice*. *See* Aff. John M. Dunn, DN 21-3, ¶ 5; Aff. Mindy Klemenz, DN 21-4, ¶ 5.

The only grievance on record with Klemenze is a health care grievance originally completed by Taylor on January 17, 2012, more than six months after the events giving rise to the present case. *See* Grievance # 12-01-004-H, DN 21-5, p. 5. That grievance references this civil action and cannot serve to show exhaustion of administrative remedies because the grievance was filed *after* this case commenced. *See id.* at p. 6. Furthermore, the grievance altogether fails mention the events of July 4 and July 5, 2011, or how Taylor was aggrieved by the Defendants at the time.

Simply put, the Defendants have presented evidence that proves Taylor did not exhaust his administrative remedies for the actions alleged in his complaint. The PRLA requires

5

exhaustion before a plaintiff may bring a claim in court.  *See* 42 U.S.C. § 1997e(a).   The Court finds that the Defendants have carried their burden of proof under the applicable affirmative defense and that Taylor did not properly exhaust his remedies under the policies and procedures of the Kentucky Department of Corrections.

## CONCLUSION

Defendants Chad Knight, Tammie Darnell, and Gary Cranor move for summary judgment against Plaintiff Jon Taylor because Taylor failed to exhaust his administrative remedies.  For all of the foregoing reasons, the Defendants' motion is GRANTED.  An appropriate order shall issue.